548 A.2d 706

John W. MacMillen, Jr., Appellant *v.* Lock Haven Hospital, City of Lock Haven, Albert W. Speth, and The Estate of James Belcher, Appellees.

*Craig P. Miller,* for appellant.

*John P. Pietrovito, Candor, Youngman, Gibson & Gault,* for appellee, City of Lock Haven.

OPINION BY SENIOR JUDGE BARBIERI, October 18, 1988:

John W. MacMillen (Appellant) appeals the order of the Court of Common Pleas of Clinton County which sustained the preliminary objections of the City of Lock

Haven (City) asserting that Appellant's amended complaint failed to state a cause of action against the City under 42 U.S.C. §1983. We affirm.

This action arose out of the efforts of former Lock Haven Police Chief James Belcher's attempts to obtain Appellant's medical records from Lock Haven Hospital. Appellant was a City police officer who had been injured in the course of his employment and treated at the hospital. Chief Belcher went to the hospital and asked to see Appellant's medical records. The hospital staff refused to disclose Appellant's records, but Chief Belcher went to the president of the hospital, Albert Speth, and obtained Appellant's records through him. On this basis, Appellant filed an action under 42 U.S.C. §1983 asserting that Chief Belcher and the City acted under color of state law to invade Appellant's privacy.

A federal civil rights action under 42 U.S.C. §1983 against a municipality must allege a denial of one's civil rights pursuant to an unconstitutional implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that municipality's officers. *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978). A municipality cannot be held liable for an employee's torts or actions simply on the basis of vicarious liability or *respondeat superior. Pembaur v. Cincinnati,* 475 U.S. 469 (1986). It is the requirement that the municipal employee be acting pursuant to "official policy" that imposes liability of the municipality and distinguishes acts of the municipality from acts of employees of the municipality. *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985).

Therefore, it is Appellant's burden to show that Chief Belcher was acting pursuant to official policy of the City of Lock Haven in order to impose liability on the City for his actions in inspecting Appellant's medical records. But the City of Lock Haven is a third class city

operating under a council-manager form of government in which policy making powers are vested in the city council and manager. *See* Sections 508 and 516(10) of the Optional Third Class City Charter Law, Act of July 15, 1957, P.L. 901, *as amended,* 53 P.S. §§41508 and 41516(10). The chief of police has no official policy making authority. However, policy making authority may be delegated to an official and his acts may constitute the basis for municipal liability if the official possesses the final authority to establish municipal policy with respect to the action ordered. *Pembaur,* 475 U.S. at 481.

Appellant asserts that Chief Belcher, as agent for the City, implemented and established final policies with respect to the running of the City's police department and that the City was aware of these policies. Unfortunately, Appellant pleads no facts whatsoever to substantiate this assertion. Appellant pleads that the City knew Chief Belcher made policy on "numerous matters," but does not elaborate on any of them. There are no facts pled that show the City ever delegated policy making authority to Chief Belcher. There is no suggestion that there was a City policy on obtaining private records or that Chief Belcher had the final authority to either devise or implement such a policy if it existed. No City employee had ever attempted to secure a private record before. Appellant has pled a single isolated incident of a municipal employee acting at his own discretion, without knowledge by the City.

In *Pembaur* the Court specifically rejected the theory that employee discretion alone could give rise to municipal liability:

> The fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.

*Pembaur,* 475 U.S. at 481-482. Appellant's pleadings simply do not contain any factual evidence that Chief Belcher was responsible for establishing final municipal policy with respect to obtaining confidential medical records. Consequently, we must affirm the trial court's view that Appellant failed to plead sufficient facts in his amended complaint to state a cause of action under 42 U.S.C. §1983 on the theory that Chief Belcher exercised official municipal policy with respect to obtaining confidential medical records.

## Order

Now, October 18, 1988, the order of the Court of Common Pleas of Clinton County at No. 501-86, dated August 19, 1987, is hereby affirmed.

Judge MacPhail did not participate in the decision in this case.